UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re: CRANE ENTERPRISES LLC,

Debtor,

CRANE, et al.,

Appellants,

-v-

CRANE ENTERPRISES LLC,

Appellee.

25cv6793 (DLC)

OPINION AND ORDER

APPEARANCES:

For appellants Michael E. Crane and Daniel M. Crane:
Mitchell Craig Shapiro
MCShapiro Law Group PC
Three Grace Avenue, Suite 100
Great Neck, NY 11021

For appellee Crane Enterprises LLC:
Brett S. Silverman
Silverman Law PLLC
4 Terry Terrace
Livingston, NJ 07039

DENISE COTE, District Judge:

On March 4, 2025, Crane Enterprises, LLC (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor holds a single asset: 99 shares in a cooperative apartment located in Long Beach, New York (the "Apartment"). On March 5, the Debtor commenced an adversary

proceeding against Michael E. Crane and his son Daniel M. Crane (collectively, "Defendants"), asserting one count under § 542 of the Bankruptcy Code, 11 U.S.C. § 542, for an order directing Defendants to turnover possession of the Apartment to the Debtor. The United States Bankruptcy Court for the Southern District of New York granted summary judgment for the Debtor on its turnover claim in a decision of July 29 and an order of July 30. On August 15, Defendants filed a notice of appeal from the Bankruptcy Court's entry of final judgment. The Bankruptcy Court denied a stay of that decision pending appeal on August 20, and on August 22 entered an order authorizing the Debtor to evict the Defendants from the Apartment beginning at noon on September 5.

On August 25, Defendants filed, in this Court, an emergency motion to stay the Bankruptcy Court's Opinion of July 29, its Order of July 30, its Opinion of August 20, and its Order of August 22 pending appeal. This Court denied Defendants' motion during an August 29 hearing. Briefing on the appeal became fully submitted on January 28, 2026. For the following reasons, the Bankruptcy Court's Opinions and Orders of July 29, July 30, August 20, and August 22, 2025 are affirmed.

**Background**

The Debtor, Crane Enterprises LLC, is a New York limited liability company that holds a single asset: 99 shares in a two-bedroom cooperative apartment located in Long Beach, New York that has been valued at an amount less than $1 million, and a corresponding proprietary lease to possess the Apartment. The Debtor is owned in equal parts by the estates of sisters Rhoda Crane and Joyce Crane, both of which have court-appointed administrators. Defendants Michael E. Crane and his son Daniel M. Crane are respectively Joyce Crane's son and grandson and Rhoda Crane's nephew and great-nephew.

Two state court proceedings followed the deaths of Rhoda Crane and Joyce Crane in 2020. First, Michael's sister Jacqueline Crane commenced probate proceedings in the Probate Part of the Superior Court of New Jersey. On February 4, 2022, the New Jersey state court concluded that "Michael Crane has never held any vested ownership in Crane Enterprises, LLC, at any time, whatsoever" and that "Michael Crane has no right whatsoever to reside or occupy any property owned by Crane Enterprises, LLC."

Then, in November 2022, the Debtor commenced an eviction action in Nassau County District Court, a New York state court, to remove Michael Crane from the Apartment. In opposition,

Michael produced what he alleges is a "lifetime lease" permitting him and his son Daniel to reside in the Apartment indefinitely for a stated rent of $1 per year. On November 18, 2024, the New York state court rejected Michael's "lifetime lease" defense, entered a Judgment of Possession in the Debtor's favor and a Warrant of Eviction against Michael, and granted a stay of execution of the eviction warrant through January 31, 2025. Michael did not seek reconsideration of the November 18 state court judgment or an extension of the stay of the eviction warrant. Although Michael filed a notice of appeal on December 23, 2024, he did not perfect the appeal before March 4, 2025, the date when the Debtor filed for bankruptcy.[1]

On March 5, 2025, the Debtor commenced an adversary proceeding in the Bankruptcy Court, seeking a determination that it was entitled to an order directing Michael and Daniel Crane to turn over possession of the Apartment to the Debtor under § 542 of the Bankruptcy Code. 11 U.S.C. § 542. In opposition, Michael and Daniel once again primarily argued that their alleged "lifetime lease" entitled them to possess the Apartment.

[1] Once the Debtor filed for bankruptcy on March 4, 2025, Michael Crane's December 23, 2024 state court appeal was stayed pursuant to the Bankruptcy Code's automatic stay. See 11 U.S.C. § 362. In a decision of August 8 and an order of August 14, 2025, the Bankruptcy Court granted Defendants' motion to modify the automatic stay so that they could pursue any appeal of the New York state court judgment.

They also claimed, inter alia, that the prior New York state court judgment had no preclusive effect on Daniel because he was not a party to that action.

On July 29, the Bankruptcy Court rejected Defendants' arguments and granted the Debtor's motion for summary judgment on the turnover claim. The Bankruptcy Court determined that Michael and Daniel's "lifetime lease" arguments were necessarily rejected by the New York state court in its November 28, 2024 judgment, and that the judgment had preclusive effect on both Michael, a party to that action, and Daniel, his alleged co-tenant and party in privity. See In re Crane Enters., LLC, 673 B.R. 51, 55 (Bankr. S.D.N.Y. 2025) (the "July 29 Opinion"). Thus, collateral estoppel prevented both defendants from relitigating the validity of their alleged "lifetime lease" to the Apartment. See id. The Bankruptcy Court then concluded that Michael and Daniel Crane did not identify any valid possessory interest in the Apartment and entered an order on July 30 directing them to turn over possession of the Apartment.

On August 15, Defendants noticed their appeal from the Bankruptcy Court's July 29 Opinion and the July 30 Order. Defendants also filed in the Bankruptcy Court motions for reconsideration and for a stay of the July 29 Opinion and July 30 Order. A hearing was held on August 20, and the Bankruptcy

Court denied Defendants' motions for reconsideration and for a stay afterwards in a written decision. The Bankruptcy Court rejected Defendants' repeated arguments about the validity of their "lifetime lease" and the application of collateral estoppel to Daniel Crane, finding that they did not identify any new law, new evidence, or clear error to warrant reconsideration of its July 29 Opinion. See In re Crane Enters., No. 25-10405, 2025 WL 2416461, at *4 (Bankr. S.D.N.Y. Aug. 20, 2025) (the "August 20 Opinion"). It also rejected arguments Defendants improperly raised for the first time in their motion for reconsideration, including arguments related to New York state eviction statutes. See id.; see also N.Y. RPAPL §§ 290(1), 749(1); CPLR § 1024. Finally, the Bankruptcy Court denied Defendants a stay pending appeal after concluding that they had not demonstrated irreparable harm or a likelihood of success on the merits, among other factors. See August 20 Opinion, at *6, *8.

On August 22, the Bankruptcy Court granted the Debtor's motion to evict the Defendants from the Apartment. The August 22 Order explains that, in the event that the Defendants do not first obtain a stay of eviction pending appeal from another Court and do not voluntarily vacate the Apartment by 11:00 a.m. on September 5, the Debtor is authorized to take all steps

necessary to evict the Defendants at noon that same day, including changing the locks on the Apartment and enlisting the U.S. Marshals Service.

On August 25, the Defendants moved this Court for a stay pending appeal of the Bankruptcy Court's Opinions and Orders of July 29, July 30, August 20, and August 22. During an August 29 hearing, this Court denied Defendants' emergency motion for a stay pending appeal. This Court concluded that Defendants failed to demonstrate a likelihood of success on the merits of their argument that the Bankruptcy Court clearly erred in its collateral estoppel holding. This Court also found that many of Defendants' remaining merits arguments were forfeited because they were not raised to the Bankruptcy Court in their summary judgment opposition brief below.

The parties then submitted their merits briefing for this bankruptcy appeal. Defendants filed their opening brief on December 19, once again repeating many of the same arguments they had previously raised to this Court, the Bankruptcy Court, and the New York and New Jersey state courts. The Debtor filed its opposition brief on January 12, 2026. Defendants then filed their reply on January 26, and briefing on the appeal became fully submitted.

**Discussion**

Defendants challenge three of the Bankruptcy Court's decisions on appeal: (1) the July 29 Opinion and July 30 Order granting summary judgment to the Debtor on its turnover claim, (2) the August 20 Opinion and Order denying reconsideration and a stay of that July 29 and 30 Opinion and Order pending appeal, and (3) the August 22 Order permitting the Defendants' eviction from the Apartment. A district court functions as an appellate court in reviewing judgments rendered by a bankruptcy court, 28 U.S.C. § 158(a), and reviews "the bankruptcy court's findings of fact for clear error and its legal determinations de novo." In re Tingling, 990 F.3d 304, 307 (2d Cir. 2021) (citation omitted). District courts also review a bankruptcy court's discretionary decisions, such as the August 20 denial of a stay pending appeal, for abuse of discretion. See id. at 307 & n.6.

As previewed above, this is not the first opinion that this Court has issued in this matter. An August 29, 2025 Bench Opinion and Order denied Defendants' motion to stay the challenged Bankruptcy Court Orders pending appeal. Virtually all of the arguments made by Defendants in their appellate briefing repeat arguments that were previously made in their stay briefing (and, at various points, to the Bankruptcy Court and state courts below). The Court considered those arguments

and concluded that the Defendants were unlikely to succeed on the merits of their appeal. Defendants have not identified any new arguments or authority in their appellate briefing that has changed this Court's view of the merits. Thus, the appeal is denied and the Bankruptcy Court's underlying orders are affirmed.

Defendants make three primary arguments to challenge the Bankruptcy Court's orders on appeal. First, they claim that the Bankruptcy Court erred in giving collateral estoppel effect to the 2024 New York state court judgment and failing to consider their arguments regarding the validity of the alleged "lifetime lease" on the merits.[2] Second, Defendants contend that any collateral estoppel effect does not bind Daniel Crane because he was not a party to the New York action, and he does not meet various New York state law requirements to be a party in privity. Third, they request that this Court, "[a]t an absolute minimum," rule that the August 22 Eviction Order improperly permitted self-help methods because it did not require that a Marshal be present at the time of eviction. As mentioned above,

[2] Defendants also argue that the Bankruptcy Court erred in giving collateral estoppel effect to the 2022 New Jersey probate court judgment when granting summary judgment to the Debtor. The Bankruptcy Court, however, gave only the 2024 New York state court judgment preclusive effect in reaching its conclusions, so this argument fails. See July 29 Opinion, 673 B.R. at 54-55.

all three arguments have been rejected multiple times -- by this Court, the Bankruptcy Court, or the state courts below. For the following reasons, they fail again here.

As this Court explained in the August 29 Opinion denying Defendants' emergency motion for a stay pending appeal, Defendants' argument that the Bankruptcy Court erred in holding that collateral estoppel applied to preclude Defendants from relitigating the validity of their alleged "lifetime lease" fails. Under New York law, which applies because the judgment of a New York court is at issue, collateral estoppel bars relitigation of an issue when

> (1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to litigate the issue in the prior action.

Phoenix Light SF Ltd. v. Bank of New York Mellon, 66 F.4th 365, 371 (2d Cir. 2023) (citation omitted). The "mere pendency of an appeal does not prevent the use of the challenged judgment as the basis of collaterally estopping a party to that judgment in a second proceeding." Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machines Corp., 110 F.4th 106, 115 (2d Cir. 2024) (citation omitted).

Each of those requirements are met. First, the validity of Defendants' alleged "lifetime lease" was "necessarily . . .

decided in the prior action and . . . decisive of the present action." Phoenix Light, 66 F.4th at 371. As Defendants concede, Michael Crane, opposed the eviction action in New York state court on the ground that "Michael and Daniel were signatories to a lifetime lease." In issuing a Judgment of Possession and Warrant of Eviction in favor of the Debtor, the New York state court necessarily rejected Michael's "lifetime lease" defense.[3]

Second, both Michael and Daniel had a "full and fair opportunity to litigate the issue in the prior action." Id. It is undisputed that Michael, a defendant in the New York state action, had a full and fair opportunity to litigate it. Defendants only assert that the Bankruptcy Court erred in concluding that Daniel, Michael's son who was not a party to the New York state action, was estopped from litigating his rights as well. But, as both the Bankruptcy Court and this Court have

[3] Defendants contend that the New York state court rejected Michael's defenses on the ground that "it had limited jurisdiction and could not rule on authority over an LLC or the other procedural issues" and "seemingly ignored" the "lifetime lease" issue. But Defendants do not provide evidence that the Court made such a jurisdictional holding or otherwise declined to reach the "lifetime lease" issue. On the contrary, the November 18, 2024 Order issued by the New York state court states: "After a full and fair trial, this Court finds in favor of Petitioner [the Debtor] and grants a judgment of possession and warrant of eviction in favor of Petitioner [the Debtor] and against Respondent [Michael Crane]." Defendants' argument thus fails.

explained, issue preclusion may apply to a party that did not participate in the prior action but that is "sufficiently in privity" with parties who did, id. at 372 (citing Buechel v. Bain, 97 N.Y.2d 295, 304-05 (2001)), and Daniel is bound as a non-party "sufficiently in privity" with his father Michael. Even the primary case upon which Defendants rely establishes that the paradigmatic example of a privity relationship is one between "co-tenants of property." Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 (9th Cir. 2005). And Defendants' own theory depends on Daniel and Michael being co-tenants on the alleged "lifetime lease" with identical rights, if any, to reside in the Apartment. Thus, the Bankruptcy Court did not err in concluding that Daniel, too, was estopped by the 2024 New York state judgment.[4]

Lastly, Defendants' argument that the Bankruptcy Court improperly authorized the Debtor "to effectuate a self-help lock

[4] Defendants also argue that two New York statutes, N.Y. RPAPL § 749(1) and N.Y. CPLR § 1024, prohibit enforcing the New York state judgment against Daniel. As this Court explained during the August 29 hearing, Defendants forfeited that argument by failing to present it to the Bankruptcy Court during the summary judgment proceedings. And the argument fails on the merits as well. The state statutes, which "set[] forth the jurisdictional and procedural requirements for summary proceedings to recover possession of real property" (i.e., govern eviction proceedings between landlords and tenants) are inapposite in this case regarding the Bankruptcy Court's authority, under 11 U.S.C. § 542, to order the turnover of property from a third party to a debtor's estate.

out" fails, as this Court also explained when denying the stay. Self-help occurs when a landlord takes action to evict a tenant in the absence of legal process. Here, Defendants were afforded due process both by the Bankruptcy Court and by the state courts beforehand. Thus, Defendants have failed to identify any error in the Bankruptcy Court's orders.

## Conclusion

The Defendants' August 15, 2025 appeal is denied. The Bankruptcy Court's Opinions and Orders of July 29, July 30, August 20, and August 22, 2025 are affirmed.

Dated: New York, New York
April 6, 2026

DENISE COTE
United States District Judge